# Exhibit A

ELECTRONICALLY FILED - 2026 Jan 30 1:30 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS<br>IN THE THIRD JUDICIAL CIRCUIT |
| COUNTY OF SUMTER | |
| Alyssa Wiseman, | |
| Plaintiff, | **SUMMONS** |
| v. | |
| Jacobs Solutions, Inc., and Jade Remmel, | |
| Defendants. | |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty-five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

**CROMER BABB & PORTER, LLC**

BY:   s/J. Paul Porter
   J. Paul Porter (#100723)
   Jillian M. Lesley (#105801)
   1418 Laurel Street, Ste. A (29201)
   Post Office Box 11675
   Columbia, South Carolina 29211
   Phone: (803) 799-9530
   Fax: (803) 799-9533
   paul@cromerbabb.com
   jill@cromerbabb.com

**Attorneys for Plaintiff**

January 30, 2026
Columbia, South Carolina

ELECTRONICALLY FILED - 2026 Jan 30 1:30 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

Alyssa Wiseman,

                    Plaintiff,

v.

Jacobs Solutions, Inc., and Jade Remmel,

                    Defendants.

IN THE COURT OF COMMON PLEAS
IN THE THIRD JUDICIAL CIRCUIT

**COMPLAINT**
(Jury Trial Demanded)

## DEFAMATION AND TORT CASE

The Plaintiff, complaining of the Defendant, respectfully alleges as follows.

## PARTIES AND JURISDICTION

1. Plaintiff, Alyssa Wiseman ("Plaintiff"), is a citizen and resident of Kershaw County, South Carolina. Plaintiff was employed by Credence Management Solutions, LLC, at Shaw Air Force Base in Sumter County, South Carolina.

2. Defendant, Jacobs Solutions, Inc. ("Jacobs Solutions"), is a multinational company that provides infrastructure and environmental support as a contractor to the United States Air Force, including the Shaw Air Force Base in Sumter County, South Carolina.

3. Defendant, Jade Remmel ("Remmel"), is an employee of Jacobs Solutions assigned to Shaw Air Force Base in Sumter County, South Carolina.

4. Defendant Jade Remmel is a citizen and resident of Richland County, South Carolina and was employed in Sumter County, South Carolina.

5. This action alleges defamation and tortious interference with a contractual relationship.

6. This Court has subject matter jurisdiction over these claims.

7. This Court has personal jurisdiction over these parties.

ELECTRONICALLY FILED - 2026 Jan 30 1:30 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

8. This Court is a proper venue because the acts and omissions giving rise to this action occurred in Sumter County, South Carolina.

9. Plaintiff demands a jury trial on all triable claims and issues.

## FACTUAL ALLEGATIONS

10. Plaintiff, Alyssa Wiseman, is a retired United States Air Force member with approximately twenty-one years of military service.

11. In or about April 2023, Plaintiff began employment with Credence Management Solutions, LLC ("Credence") as a Unit Level Intelligence Analyst Subject Matter Expert supporting Shaw Air Force Base.

12. Plaintiff's position was created specifically for her following her retirement from the Air Force, and she was the sole employee assigned to that position.

13. From the beginning of her employment through February 2025, Plaintiff did not receive any disciplinary actions and received positive performance evaluations.

14. During her employment, Plaintiff entered a personal dating relationship with a male contractor working at Shaw Air Force Base.

15. Plaintiff and that contractor shared workspace.

16. Defendant Remmel was also a friend and apparent paramour of the same contractor.

17. While employed, Plaintiff held a valid South Carolina Concealed Weapons Permit and complied with Shaw Air Force Base policy permitting authorized individuals to transport and secure privately owned firearms in a locked personal vehicle, provided the weapon was not carried into any facility.

18. Plaintiff kept a personal firearm in her locked personal vehicle.

ELECTRONICALLY FILED - 2026 Jan 30 1:30 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

19. On or about January 28, 2025, Defendant Remmel instigated a dispute with Plaintiff at Plaintiff's workspace.

20. During the incident, Defendant Remmel falsely accused Plaintiff of threatening her and made a report to on-base security that Plaintiff was a security risk and had a firearm in her vehicle.

21. Defendant Remmel also yelled at Plaintiff that she needed to leave base and that Remmel would have Plaintiff's security clearance revoked.

22. Plaintiff told Defendant Remmel that she did not have the authority to direct Plaintiff to leave base or her duty station.

23. Plaintiff's supervisor also told Defendant Remmel that she did not have the authority to direct Plaintiff to leave.

24. Plaintiff was then interviewed by on-base security who inquired as to whether Plaintiff had threatened Defendant Remmel's life with death or serious bodily harm.

25. Plaintiff had not made any such threat and affirmed the same in her statement.

26. On-base Security Forces concluded that no crime had been committed and took Plaintiff's firearm upon her consent.

27. Plaintiff, the male contractor, and Defendant Remmel were then directed to stay away from each other.

28. Plaintiff was fine with this directive.

29. No verbal warning, written citation, or disciplinary notice was issued to Plaintiff as a result of the incident.

30. In the days following the January 28th incident, Defendant Remmel communicated, or caused to be communicated, statements to Credence management and or USAF decision-makers, in substance that Plaintiff had threatened her and/or the male contractor, had engaged in dangerous

ELECTRONICALLY FILED - 2026 Jan 30 1:30 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

conduct involving a firearm, and that Plaintiff posed a safety or security concern requiring her to be removed from Shaw Air Force Base.

31. Defendant Remmel made these communications using her role as a Jacobs Solutions employee and invoking her professional role and access at Shaw Air Force Base.

32. On February 4, 2025, Plaintiff observed that her position was posted online, despite having received no prior notice of termination or performance concerns.

33. On February 5, 2025, Plaintiff was instructed to leave the secure facility at Shaw Air Force Base and surrender her badges. She was then informed by Credence that her employment was terminated for "unsuitability." She was not provided any written findings identifying a policy violation, criminal conduct, or performance deficiency as the basis for her termination.

### FIRST CAUSE OF ACTION
**(Defamation against All Defendants)**

34. Plaintiff realleges the foregoing where consistent.

35. At all relevant times, Defendant Remmel was employed by Defendant Jacobs Solutions, Inc. and was acting within the course and scope of her employment while working at or in connection with Shaw Air Force Base.

36. Following the January 28, 2025, incident, Defendant Remmel, through actions and words, made false statements to on-base security, Credence Management, and others concerning Plaintiff's conduct, fitness for duty, and continued presence at Shaw Air Force Base and its secure facilities.

37. These statements were false.

38. Plaintiff had not been arrested, charged with any crime, cited for a policy violation, or disciplined in connection with the January 28, 2025, incident.

ELECTRONICALLY FILED - 2026 Jan 30 1:30 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

39. Security Forces did not determine that Plaintiff posed a threat and did not issue any finding that Plaintiff engaged in criminal, dangerous, or improper conduct.

40. Defendant Remmel made the statements without privilege or justification.

41. Defendant Remmel had no reason to make the subject statements aside from a malicious desire or reckless propensity to harm Plaintiff's reputation.

42. The statements directly and by insinuation challenged Plaintiff's ability to perform her job and communicated that Plaintiff was unfit to continue in her employment.

43. As a result of such statements, Plaintiff was terminated from her employment.

44. Further, Plaintiff alleges Defendant Remmel defamed Plaintiff within the course and scope of her employment and/or that her defamation was otherwise ratified by Defendant Jacobs Solutions when it permitted the defamatory statements to be relied upon in removing Plaintiff from her position.

45. Defendant Jacobs Solutions is liable for the knowingly false and unprivileged statements by Defendant Remmel that challenged Plaintiff's ability to perform her job and her fitness to continue her employment.

46. Such statements constitute defamation *per se*.

47. The defamatory communications were outside any federal directive/authorization and motivated by personal animus, not federal direction.

48. The above statements amount to unlawful defamation for which Defendants Remmel and Jacobs Solutions are liable.

49. Damages include reputational losses, diminished earning capacity, embarrassment, loss of goodwill, shock, humiliation, and emotional pain and suffering. Plaintiff is also entitled to recover punitive damages occasioned by Defendants' malicious conduct.

ELECTRONICALLY FILED - 2026 Jan 30 1:30 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

## SECOND CAUSE OF ACTION
### (Tortious Interference with Contractual Relations Against All Defendants)

50. Plaintiff realleges the foregoing where consistent.

51. Defendants had knowledge of the employment relationship between Plaintiff and Credence Management, LLC.

52. Plaintiff's employment with Credence included continued work supporting Shaw Air Force Base and access to the secure facility necessary to perform her job.

53. At all relevant times, Defendant Remmel was employed by Defendant Jacobs Solutions, Inc. and was acting within the course and scope of her employment while working at or in connection with Shaw Air Force Base.

54. Following the January 28, 2025, incident, Defendant Remmel acting as an employee of Jacobs communicated, or caused to be communicated, statements to Credence management and/or USAF decision-maker with authority over Plaintiff's base access and employment.

55. The communications asserted, in substance, that Plaintiff had threatened another contractor, had engaged in dangerous conduct involving a firearm, and posed a safety or security risk requiring her removal from Shaw Air Force Base.

56. Defendant Remmel made these communications while acting as a Jacobs Solutions employee and invoking her professional role and access at Shaw Air Force Base.

57. These communications were outside any federal directive/authorization and motivated by personal animus, not federal direction.

58. Defendants were not parties to Plaintiff's employment relationship with Credence and were strangers to that contractual relationship.

59. Defendants knew or should have known that these communications would interfere with Plaintiff's employment.

ELECTRONICALLY FILED - 2026 Jan 30 1:30 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

60. Defendants intended to interfere with Plaintiff's employment.

61. As a result of Defendants' conduct, Plaintiff was terminated from her employment with Credence on February 5, 2025. Plaintiff's termination occurred despite the absence of any criminal charge, policy violation, or disciplinary finding arising from the January 28, 2025, incident.

62. Defendants had no legitimate justification.

63. Defendants procured the breach of Plaintiff's prospective contractual relations with Credence for future years.

64. Defendants caused and are liable for Plaintiff's loss of income and potential earnings, loss of benefits, emotional distress, and pain and suffering. Plaintiff is also entitled to punitive damages associated with this action and for Defendants' willful and wanton actions.

## PRAYER FOR RELIEF

65. Plaintiff realleges the foregoing where consistent.

66. Plaintiff requests a jury trial on all claims and all triable issues.

67. Plaintiff requests that the jury award, within its discretion, a reasonable sum for all damages sought on the above claims including punitive damages where legally cognizable.

68. Plaintiff requests that the Court award her all equitable relief it deems just and necessary up to and including reinstatement or front pay.

69. Plaintiff also requests pre-judgment interest.

*(Signature block to follow)*

ELECTRONICALLY FILED - 2026 Jan 30 1:30 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

**CROMER BABB & PORTER, LLC**

BY:      s/J. Paul Porter
             J. Paul Porter (#100723)
             Jillian M. Lesley (#105801)
             1418 Laurel Street, Ste. A (29201)
             Post Office Box 11675
             Columbia, South Carolina 29211
             Phone: (803) 799-9530
             Fax: (803) 799-9533
             paul@cromerbabb.com
             jill@cromerbabb.com

**Attorneys for Plaintiff**

January 30, 2026
Columbia, South Carolina

ELECTRONICALLY FILED - 2026 Feb 18 1:23 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

Alyssa Wiseman,

                    Plaintiff,

v.

Jacobs Solutions, Inc., and Jade Remmel,

                    Defendants.

IN THE COURT OF COMMON PLEAS
THIRD JUDICIAL CIRCUIT

C/A No: 2026-CP-43-00161

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned employee of Cromer Babb & Porter, LLC, did have cause to serve on February 4, 2026, a copy of the Summons and Complaint, by First Class Mail, certified mail, return receipt requested, postage prepaid, to the following at the below indicated address:

**_Certified Mail, Return Receipt Requested_**
The Corporation Trust Company
Registered Agent for Jacob Solutions, Inc.
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

**_Receipt # 91 7199 9991 7037 2951 1290_**

Gina A. Blyler
_Litigation Paralegal_

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ~~RECEIVED~~  ☐ Agent  ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Deliver

1. Article Addressed to:

The Corporation Trust company
Reg. Agent for Jacobs Solution
Corporation Trust center
1209 Orange St.
Wilmington, DE 19801

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

CORPORATION

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 7290 2028 0348 12

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restrict Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

91 7199 9991 7037 2951 1290

PS Form **3811**, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt



USPS TRACKING #

‖‖‖‖‖‖‖‖‖‖‖‖‖ WILMINGTON DE 197

9590 9402 7290 2028 0348 12

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

Wiseman, A
service/gb

• Sender: Please print your name, address, and ZIP+4® in this box•

# CB&P CROMER BABB & PORTER

## 1418 LAUREL STREET, SUITE A
## COLUMBIA, SC 29201

ELECTRONICALLY FILED - 2026 Feb 11 10:23 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

ELECTRONICALLY FILED - 2026 Feb 18 1:23 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

# AFFIDAVIT OF SERVICE

State of South Carolina            County of Sumter            Common Pleas Court

Case Number: 2026-CP-43-00161

Plaintiff:
**Alyssa Wiseman**

vs.

Defendant:
**Jacobs Solutions, Inc., and Jade Remmel**

For:
Cromer Babb & Porter
1418 Laurel St.
Suite A
Columbia, SC 29201

Received by Palmetto Legal Gophers, LLC to be served on **Jade Remmel, 1628 Bristol Drive, Columbia, SC 29204**.

I, Jerry Maldonado, being duly sworn, depose and say that on the **9th day of February, 2026** at **7:30 am, I:**

**SUBSTITUTE** served by delivering a true copy of the **Cover Letter; Summons; Complaint** to: **Jeff Roys** as **Husband and Co-Resident** at the address of: **1628 Bristol Drive, Columbia, SC 29204**, the within named person's usual place of abode, who resides therein, who is sixteen (16) years of age or older.

**Description** of Person Served: Age: 35, Sex: M, Race/Skin Color: Caucasian, Height: 6'0", Weight: 225, Hair: Brown, Glasses: N

I certify that I am over the age of 18 and have no interest in the above action.

Jerry Maldonado

Subscribed and Sworn to before me on the 09 day of February, 2026 by the affiant who is personally known to me.

NOTARY PUBLIC
EXP. DATE 11/14/2028

**Palmetto Legal Gophers, LLC**
www.palmettolegalgophers.com
PO Box 6108
Columbia, SC 29260
(803) 216-1621

Our Job Serial Number: LPW-2026000407



Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0d



# Certificate of Electronic Notification

| Recipients |
| --- |
| **J. Porter**   - Notification transmitted on 02-18-2026 01:24:02 PM. |
| **Jillian Lesley**   - Notification transmitted on 02-18-2026 01:24:02 PM. |

ELECTRONICALLY FILED - 2026 Feb 18 1:41 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

****** IMPORTANT NOTICE - READ THIS INFORMATION *****
NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2026CP4300161

**Official File Stamp:** 02-18-2026 01:23:47 PM

**Court:** CIRCUIT COURT

Common Pleas

Sumter

**Case Caption:** Alyssa Wiseman VS Jacob Solutions, Inc. , defendant, et al

**Document(s) Submitted:** Service/Affidavit Of Service

Service/Certificate Of Service Certified Mail

**Filed by or on behalf of:** J. Paul Porter

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Jillian Marie Lesley for Alyssa Wiseman

J. Paul Porter for Alyssa Wiseman

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Jade Remmel

Jacob Solutions, Inc.

ELECTRONICALLY FILED - 2026 Feb 18 1:41 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

ELECTRONICALLY FILED - 2026 Mar 02 12:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

Alyssa Wiseman,

                Plaintiff,

v.

Amentum Technology, Inc., and Jade
Remmel,

                Defendants.

IN THE COURT OF COMMON PLEAS
IN THE THIRD JUDICIAL CIRCUIT

CA No.: 2026-CP-43-0161

**ACCEPTANCE OF SERVICE**

I, Cara Crotty, Esq., accept the service of the Second Amended Summons and Complaint for Amentum Technology, Inc., issued in the above captioned matter, for only my client, Amentum Technology, Inc., named Defendant in this action. These documents were emailed to me at ccrotty@constangy.com and accepted by me the 27th day of February 2026.

**AMENTUM TECHNOLOGY, INC.**

_____
Cara Crotty, Esq.
Counsel for Amentum Technology, Inc.
1301 Gervais Street, Suite 1020
Columbia, South Carolina 29201
Phone: 803-667-4110
Fax: 803-667-4120
ccrotty@constangy.com

February 27, 2026
Columbia, South Carolina

# Certificate of Electronic Notification

| Recipients |
| --- |
| **J. Porter**   - Notification transmitted on 03-02-2026 12:39:34 PM. |
| **Jillian Lesley**  - Notification transmitted on 03-02-2026 12:39:34 PM. |

ELECTRONICALLY FILED - 2026 Mar 02 12:49 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

ELECTRONICALLY FILED - 2026 Mar 02 12:49 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

****** IMPORTANT NOTICE - READ THIS INFORMATION *****
NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:**  2026CP4300161

| | |
|---|---|
| **Official File Stamp:** | 03-02-2026 12:39:22 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Sumter |
| **Case Caption:** | Alyssa Wiseman VS Amentum Technology Inc , defendant, et al |
| **Document(s) Submitted:** | Service/Acceptance Of Service |
| **Filed by or on behalf of:** | J. Paul Porter |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Jillian Marie Lesley for Alyssa Wiseman

J. Paul Porter for Alyssa Wiseman

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Jade Remmel

Amentum Technology Inc

ELECTRONICALLY FILED - 2026 Mar 04 10:29 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | IN THE THIRD JUDICIAL CIRCUIT |
| COUNTY OF SUMTER | |
| Alyssa Wiseman, | CA No.: 2026-CP-43-0161 |
| Plaintiff, | **ACCEPTANCE OF SERVICE** |
| v. | |
| Amentum Technology, Inc., and Jade Remmel, | |
| Defendants. | |

I, Gene Matthews, Esq., accept the service of the Second Amended Summons and Complaint for Jade Remmel, issued in the above captioned matter, for only my client, Jade Remmel, named Defendant in this action. These documents were emailed to me at gmatthews@richardsonplowden.com and accepted by me the 3rd day of March 2026.

**JADE REMMEL**

_____
Gene Matthews, Esq.
Counsel for Jade Remmel
1900 Barnwell Street
Columbia, South Carolina 29201
Phone: 803-771-4400
gmatthews@richardsonplowden.com

March 3, 2026
Columbia, South Carolina

# Certificate of Electronic Notification

| Recipients |
| --- |
| **J. Porter**  - Notification transmitted on 03-04-2026 10:29:34 AM. |
| **Jillian Lesley**  - Notification transmitted on 03-04-2026 10:29:34 AM. |

ELECTRONICALLY FILED - 2026 Mar 04 10:44 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300161

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

 **A filing has been submitted to the court RE:**  2026CP4300161

**Official File Stamp:**                              03-04-2026 10:29:01 AM

**Court:**                                           CIRCUIT COURT

                                                     Common Pleas

                                                     Sumter

**Case Caption:**                                    Alyssa Wiseman VS Amentum Technology Inc , defendant, et al

**Document(s) Submitted:**                           Service/Acceptance Of Service

**Filed by or on behalf of:**                        J. Paul Porter

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

                                                     Jillian Marie Lesley for Alyssa Wiseman

                                                     J. Paul Porter for Alyssa Wiseman

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

                                                     Jade Remmel

                                                     Amentum Technology Inc

ELECTRONICALLY FILED - 2026 Mar 04 10:44 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300161